UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PIVOT POINT INTERNATIONAL, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**THE BURMAX COMPANY, INC.,**<br><br>Defendant. | Case No. 26-2440<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff, Pivot Point International, Inc. ("PPI" or "Plaintiff"), for its Complaint against Defendant, The Burmax Company, Inc. ("Defendant"), alleges and states as follows:

**Nature of the Case**

1. PPI, a well-known and internationally recognized provider of educational materials, services, and training products in the cosmetology, barbering, and wellness space, files this copyright infringement action against its direct competitor Defendant to stop Defendant's unauthorized sale of a mannequin head that is substantially and strikingly similar to PPI's copyrighted mannequin head.

2. PPI has been, and is likely to continue to be, injured by Defendant's misconduct, and will suffer irreparable harm unless and until Defendant is enjoined from its unauthorized and infringing actions.

**The Parties**

3. PPI is an Illinois corporation with its principal place of business at 8725 W. Higgins Road, Suite 700, Chicago, Illinois 60631 and conducts business within this judicial district.

1

4. Defendant is a New York corporation with its principal place of business at 28 Barretts Avenue, Holtsville, New York 11742-2127.

5. Upon investigation and on information and belief, Defendant itself and through its agents, representatives, or affiliates, has done and is doing business in the Northern District of Illinois, and has engaged in acts and/or omissions within this district, causing injury to PPI.

## Jurisdiction and Venue

6. This Court has original subject matter jurisdiction over this action pursuant to 17 U.S.C. § 501, 28 U.S.C. §§ 1331, 1332, and 1338(a).

7. This Court has subject matter jurisdiction over PPI's claims Count I of this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a) because it presents a Federal question under 17 U.S.C. §§ 106 and 501.

8. This Court has personal jurisdiction over the Defendant because upon information and belief Defendant (a) regularly conducts, transacts, and/or solicits business in this judicial district; (b) advertised, targeted, and sold its infringing product to consumers in the United States, the State of Illinois, and this judicial district, including through its fully-interactive website; and/or (c) otherwise avails itself of the privileges and protections of the laws of the State of Illinois such that this court's assertion of jurisdiction of Defendant does not offence the transitional notions of fair play and due process.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) because PPI's claims alleged in this Complaint arose, at least in part, in this District, and because this Court has personal jurisdiction over Defendant.

**Factual Background**

**PPI's Educational Services and Products**

10. For more than 60 years, PPI has created, developed, and delivered educational curriculums based on the Pivot Point methodology for cosmetology, barbering, and wellness training. In addition to its core curriculums, PPI develops and distributes instructional materials and related products, including student textbooks, instructor guides, audiovisual content, an online learning platform known as LAB, and training tools and accessories, including mannequin heads used for cosmetology and barbering instruction.

11. PPI's educational materials and training products have been used for decades by cosmetology, barbering, and wellness schools, professionals, brand affiliates, and other training institutions in the United States and internationally.

12. As part of its educational product offerings, PPI designs, manufactures, and distributes mannequin heads incorporating various hair types, textures, and lengths to facilitate hands-on cosmetology and barbering training. Representative examples of these mannequin heads are pictured below:

  

13. PPI offers its mannequin heads for sale to affiliated schools, students, professionals and the general public through PPI's www.pivot-point.com/shop website(the "PPI Website").

14. Notably, PPI has registered its copyright in several of its mannequin heads with the United States Copyright Office, the validity of which was confirmed by the United States Court of Appeals for the Seventh Circuit in *Pivot Point Int'l, Inc. v. Charlene Prods., Inc.*, 372 F.3d 913 (7th Cir. 2004).

**PPI's Copyrighted "Madonna" Mannequin Head Sculpture**

15. Among the various mannequin heads PPI offers are its "Madonna" series of heads, examples of which are pictured below (collectively, the "Madonna Sculpture"):




16. The Madonna Sculpture is an artistically sculpted mannequin head with unique and aesthetically pleasing features.

17. PPI is the exclusive copyright owner of the Madonna Sculpture.

18. PPI's Madonna Sculpture is an original work of authorship entitled to the full protection of the Copyright Laws, 17 U.S.C. §§ 101 et seq.

19. The version of the Madonna Sculpture pictured below without hair and makeup is registered to PPI with the United States Copyright Office (Reg. No. VAu 000175414).



20. A color image of the Madonna Sculpture without hair and makeup is reproduced below.



21. A true and correct copy of the copyright registration certificate, effective January 10, 1990, is attached hereto as **Exhibit A**.

22. PPI has sold mannequin heads that embody the Madonna sculpture long before Defendant's infringing acts complained of herein.

### Defendant's Infringing Acts

23. Defendant is a direct competitor of PPI that also offers cosmetology and beauty care educational services and products including a line of mannequin heads that allow students and consumers to learn to style hair of different types.

24. One such mannequin head Defendant offers is its "Camila" sculpture (the "Infringing Sculpture"), which as shown below is substantially and strikingly similar to PPI's Madonna Sculpture as it shares identical or nearly identical features including a mouth that is asymmetric in shape, a nose with a flat bridge that leads up between the eyebrows, and similarly shaped eyes and eyebrows:

| **PPI's Madonna Sculpture** | **Defendant's Infringing Sculpture** |
|---|---|
|  |  |
|  |  |

25. The Infringing Sculpture is a clear copy of PPI's Madonna Sculpture and/or is at the very least derivative of PPI's Madonna Sculpture.

26. Defendant knew the Madonna Sculpture was owned by PPI, and despite this

knowledge, willfully copied and reproduced the Madonna Sculpture.

27. In or around 2019, Defendant began selling a different mannequin head identified as a "Celebrity Female Slip-on Form with Make-up" that also infringed PPI's copyright in its Madonna Sculpture.

28. In or around July of 2019, PPI contacted Defendant to notify Defendant of PPI's ownership of the copyright in the Madonna Sculpture and demand that Defendant cease selling that product. On information and belief, thereafter, Defendant stopped selling that product.

29. Therefore, Defendant has been aware of PPI's ownership of the copyright in the Madonna Sculpture since at least as early as 2019.

30. Defendant does not have, and has never had, any license, authorization, permission, or consent from PPI to reproduce, distribute, publicly display, or prepare derivative works based, in whole or in part, on PPI's Madonna Sculpture.

31. Defendant's infringement of PPI's Madonna Sculpture has caused and will continue to cause PPI harm.

## COUNT I

### COPYRIGHT INFRINGEMENT, 17 U.S.C. §§ 106 and 501

32. PPI repeats the allegations in Paragraphs 1 through 31 of this Complaint as though fully set forth herein.

33. PPI is the exclusive owner of all rights, title, and interest, in and to the copyright in the Madonna Sculpture.

34. PPI's Madonna Sculpture is an original work of authorship entitled to the full protection of the Copyright Laws, 17 U.S.C. §§ 101 *et seq*.

35. PPI's Madonna Sculpture is registered with the United States Copyright Office by PPI (Reg. No. VAu 000175414), effective January 10, 1990. *See* **Exhibit A**.

36. Defendant, without PPI's authorization, has unlawfully reproduced, distributed, publicly displayed, and/or prepared the Infringing Sculpture, which is strikingly and substantially similar to and a clear copy of PPI's Madonna Sculpture, and/or is derivative of PPI's Madonna Sculpture.

37. Defendant's copying of PPI's Madonna Sculpture constitutes infringement under 17 U.S.C. § 501 *et seq.*, as violating the exclusive rights granted to PPI by 17 U.S.C. § 106.

38. Defendant has financially profited from its infringing activities.

39. Defendant engaged in the aforesaid acts of infringement for its own commercial and financial benefit and has failed to compensate PPI for Defendant's infringing acts.

40. Defendant's acts of infringement have been willful, intentional, and purposeful in that, among other things, Defendant had access to PPI's Madonna Sculpture before engaging in its unlawful and infringing acts, and had knowledge of PPI's copyright therein, thus evidencing Defendant's intentional disregard of, and indifference to, PPI's rights.

41. As a direct and proximate result of Defendant's intentionally infringing conduct, PPI has suffered financial damage and has sustained damage to its goodwill among customers and potential customers.

42. As a direct and proximate result of Defendant's intentional infringing conduct, Defendant has been unjustly enriched and PPI is entitled to (among other things) Defendant's profits attributable to its infringement, including an account of such profits.

43. As a direct and proximate result of Defendant's intentionally infringing conduct, PPI is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. §505 and otherwise according to law.

44. Unless enjoined by this Court, Defendant will continue its unlawful conduct and will cause PPI to suffer additional harm, financial and otherwise (including irreparable harm). Absent injunctive relief, PPI does not have an adequate remedy at law to redress the injuries that Defendant's wrongful conduct has caused and will continue to cause.

### Jury Demand

45. PPI demands a trial by jury on all matters and issues triable by a jury.

### **PRAYER FOR RELIEF**

WHEREFORE, PPI prays that the Court enter Judgment finding, concluding, and declaring and ordering:

A. That Defendant's use of the Infringing Sculpture constitutes willful infringement of PPI's copyright in the Madonna Sculpture;

B. That Defendant and its owners, parent companies, subsidiary companies, related companies, successors, assigns, officers, directors, agents, employees and attorneys, and all persons or entities in active concert, participation, or privity with any of them, be permanently enjoined from selling, shipping, importing, distributing, delivering, or otherwise using the Infringing Sculpture or any other sculpture or work that is a copy of or that is substantially similar to PPI's Madonna Sculpture;

C. That Defendant be ordered to deliver up for destruction all copies of the Infringing Sculpture as well as all materials, including but not limited to labels, packaging, brochures, advertisements, literature, promotions, displays, catalogs, and all other matter in the custody or

under the control of Defendant bearing and/or displaying the Infringing Sculpture and/or any sculpture or work that is substantially similar to PPI's Madonna Sculpture.

       D.       That Defendant be ordered to recall from all customers, vendors, salespeople, and authorized agents all copies of the Infringing Sculpture and all materials, including but not limited to, product packaging, brochures, advertisements, promotions, and all other matter bearing and/or displaying the Infringing Sculpture;

       E.       That Defendant be ordered to notify all customers, vendors, sales people, and authorized agents of this Judgment;

       F.       That Defendant be directed to provide a complete accounting to PPI for any and all profits realized from the sale of the Infringing Sculpture from inception up through the date of the injunction;

       G.       That PPI be awarded its actual compensatory damages, including but not limited to, Defendant's profits and PPI's damages, in an amount to be determined at trial;

       H.       For judgment in favor of PPI and against Defendant that it has willfully infringement PPI's copyright in the Madonna Sculpture;

       I.       That PPI be awarded its actual damages, statutory damages, and/or other available damages pursuant to 17 U.S.C. § 504 at PPI's election;

       J.       That PPI be awarded any such other and further relief as this Court deems just and proper.

                                                Respectfully submitted,

                                                **PIVOT POINT INTERNATIONAL, INC.**

Date: <u>March 4, 2026</u>                By: <u>/s/ Lawrence E. James</u>
                                                Lawrence E. James (Illinois Bar No. 6289823)
                                                Joshua S. Frick (Illinois Bar No. 6292843)
                                                BARNES & THORNBURG LLP
                                                One North Wacker Drive, Suite 4400
                                                Chicago, IL 60606
                                                Telephone: (312) 357-1313
                                                Email: lee.james@btlaw.com
                                                Email: joshua.frick@btlaw.com

                                                Attorneys for Pivot Pont International, Inc.